FILED

NOV 1 5 2007
Nov 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS )
PENSION FUND, CHICAGO REGIONAL COUNCIL )
OF CARPENTERS WELFARE FUND, CHICAGO )
REGIONAL COUNCIL OF CARPENTERS
APPRENTICE & TRAINEE PROGRAM FUND,
and Their Trustees,

                                        Plaintiffs,

          v.

COMMERCIAL WOODWORKER INSTALLER, LLC  )

                                        Defendant.    )

**07CV6491**

**JUDGE CASTILLO**

**MAG. JUDGE COX**

### *Complaint*

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, et al., by their attorney, Raymond J. Sanguinetti, complain of the Defendant,

COMMERCIAL WOODWORKER INSTALLER, LLC ("Commercial"), as follows:

1.      This action arises under Section 502 of the Employee Retirement Income

Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and

185). Jurisdiction is founded on the existence of questions arising there under.

2.      The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and

the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE

PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant

to Collective Bargaining Agreements between the employers and the CHICAGO

REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST

ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are

multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.    Defendant, Commercial, is an Illinois Corporation and is in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefits to the Trust Funds as therein required.

4.    Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5.    The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6.    The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports with complete payments to the Trust Funds for the months of June 2007 and July 2007. Defendant owes $31,458.63 for these two months.

7.    The Defendant also breached the Collective Bargaining Agreement and Trust Agreements by failing to pay prior report discrepancies and liquidated damages in the amount of $2,934.33 for the period of May 2007 through July 2007.

8.    Plaintiffs have complied with all conditions precedent in bringing this suit.

9.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10.    Defendant are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11.    Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from Defendant.

12.    Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

a.    double interest on the unpaid contributions; or

b.    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

WHEREFORE, Plaintiffs pray:

A.  That the Defendant be ordered to pay $34,392.96 in past discrepancies and liquidated damages for the period of May 2007 through July 2007.

B.  That the Defendant be ordered to pay interest on the amount that is due pursuant to the Collective Bargaining Agreement, the Trust Agreements, and 29 U.S.C. §1132 (g)(2)(B).

C.  That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

D.  That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs.

E.  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND et al.

By:

RAYMOND J. SANGUINETTI

Whitfield McGann & Ketterman
Attorneys for Plaintiffs
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Phone:  312/251-9700
ARDC #6244798

# *Memorandum of Agreement*

Commercial Woodworker Installer,     **Address**   2715 W Lawrence Avenue

**Employer** LLC

**City** Chicago                          **State** IL     **Zip** 60625   **Phone** 773-561-4959

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements, which contributions are required to be made under the Agreements incorporated in Paragraph 3 including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this Twenty-ninth day of January , 2007.

**EMPLOYER**                                                    **CHICAGO REGIONAL COUNCIL**
                                                               **OF CARPENTERS**

*Mario Ruiz*                                                    *Gary Thomas Jr.*

*president*                                                    Authorized Regional Council
Print Name and Title                                           Representative

Agreements

( Central Region)


Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)


(Western Region)


Illinois


Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Daviss, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts and portions of 1 and 8


Iowa


Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Lousia north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoosa, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren,
Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork,
Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Deleware, Clayton, and six Northern Townships in Jackson Window and
Door, State
Commercial, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Ceder, Iowa, Johnson, Poweshiek and Washington
Residential, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan,
Independent Contractors of Waterloo (Commercial) Butler, Chicksaw, Fayette, Floyd, Grundy, Howard,
Mitchell, Winneshiek
Millwright, Adair, Allmakee, Appanoosa, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler,
Cedar, Calhoun, Carroll, Cerro Gordo, Chicksaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur,
Deleware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton,
Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk,
Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo
Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello,
Washington, Wayne, Webster, Winnebego, Winneshiek, Worth, Wright

( Northern Region)



Commercial Carpenters and Floor Coverers' Agreement (State of Wisconsin)
Commercial Capenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company
will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of
additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for
which it has not already obtained a copy of the applicable Agreement.

*Marie Ruiz*
Employer

*01/29/07*
Date